STATE OF MISSOURI, Respondent, v. COLLINS, Appellant.

St. Louis Court of Appeals, March 27, 1906.

1. **SLANDER: Criminal Slander.** To falsely charge an unmarried·female with an attempt to commit abortion, is a violation of section 2258, Revised Statutes of 1899.

2. ———: ———: **Evidence of Character.** In a prosecution for violation of section 2258, Revised Statutes of 1899, where the alleged slanderous words charged an unmarried girl with an attempt to commit abortion, evidence showing particular acts of lewdness, within a period in which they could affect the truth of the act charged, was admissible, not only for the purpose of affecting her credibility as a witness and determining whether the particular act charged was true, but for the general purpose of proving her guilty of fornication.

3. ———: ———: **Naming Informant.** Where the defendant, charged with a violation of section 2258, denied using the offensive words he was charged with using concerning the woman slandered, and swore to the use only of language concerning her which did not constitute a violation of the statute, it was no defense that he gave the name of his informant.

Appeal from Ozark Circuit Court.—*Hon. John T. Moore,* Judge.

REVERSED AND REMANDED.

*McClendon & Conrad* for appellant.

The court erred in refusing to give instruction numbered 4, as asked by defendant, for the reason that the evidence on part of the State as well as the defense, show that at the time the defendant used the language as test-

ified to by him, he gave the author, and thereby afforded a cause of action against him. This was, we think, a justification on part of defendant, which is so held in cases of verbal slander, in the case of Hesse v. Gansz, 90 Mo. App. 439, also in Burris v. McCorkle, 2 Brown's R. 90, cited in Starkie's Evidence, sec. 471.

*T. J. Luna,* Prosecuting Attorney, and *G. W. Boone,* Assistant Prosecuting Attorney, for the State.

If there was no plea of justification, then we contend that the defendant was not entitled to show the young woman's reputation. In any event it could have only been shown in mitigation. Kelley's Criminal Law, sec. 1029. Instruction numbered 4, asked by the defendant, was properly refused. State v. Derry, 20 Mo. App. 552. The court properly declared the law in this case. State v. Matheis, 49 Mo. Ap. 237.

GOODE, J.—An information was filed against appellant by the prosecuting attorney of Ozark county, charging in substance that appellant on or about July 11, 1904, then and there maliciously intending and contriving to scandalize and bring into odium and disrepute, a girl (naming her) of good repute for virtue and chastity, did unlawfully, falsely and maliciously charge and accuse the said girl of fornication by then and there falsely speaking of and concerning her in the presence of certain named parties and others, in a conversation concerning her character and reputation for virtue and chastity, the following false and slanderous words imputing to her the act and offense of fornication; that is to say, that said girl was caught using a pump or syringe for the purpose of getting away with a child; the appellant then and there and thereby falsely and maliciously charging and intending to charge said girl with the act and offense of fornication with parties unknown.

Appellant was arraigned and pleaded not guilty.

At the trial evidence was given that he had spoken of the girl, these words: "That a certain young man had caught her using a pump or syringe for the purpose of getting shut of a young one." It appears from the testimony that some other stories had been circulated concerning the girl, and that appellant, was connected with them. The girl's father took notice of the stories and a meeting was arranged between him and appellant, at which the other persons named in the information were to be present. The purpose of the meeting was to ascertain from Collins what person was the source of the other rumors regarding the girl's character, with the view of taking steps to vindicate her reputation. In the course of the conversation at the meeting, which it must be remembered was arranged to talk over other stories, Collins stated to the father the particular charge, which is made the subject of the information; namely, that a young man had caught the girl using a syringe to get rid of a child, of which she was pregnant. The girl was only seventeen years old and unmarried.

Collins named Harvy Frost as the person from whom he had heard the charge. When Frost was seen about the matter he denied having made the charge to Collins which the latter had stated, and said that he merely told Collins he had seen the girl using a syringe, without saying that she did it for the purpose of getting rid of a child. This was the version of the affair given by Frost on the witness stand. Collins testified in his own behalf, swearing that he only told the father and those with him at the meeting what Frost had told him; that the girl had been seen using a syringe; that he did not say she was using it for the purpose of destroying or getting rid of a child. There was strong evidence to show that appellant added this defamatory statement to the innocent one made by Frost to him. There was testimony to show the girl was virtuous and much testimony to the contrary; some of it going to prove specific acts of sexual intercourse on her part. There was testi-

mony too that her reputation in the community for chastity was bad.

This prosecution is founded on the statute which provides in substance that any person who shall falsely and maliciously accuse any female of fornication, etc., by falsely speaking of and concerning her, in the presence and hearing of others, any false and slanderous words which shall impute to her any such offense, shall be deemed guilty of a misdemeanor. [R. S. 1899, sec. 2258.] The essence of the offense created by the statute is maliciously speaking false and slanderous words, imputing that the girl or woman mentioned was guilty of illicit sexual intercourse; that is to say, words impugning her character for chastity.

In the present case the essence of the offense charged against the appellant was not that he had falsely accused the girl of using the syringe (presumably a vaginal one), but that she was doing so to get rid of a child; that is, to commit an abortion. The substance of the offense was the implied charge that she, being an unmarried woman, had been guilty of fornication. That this was the gist of the crime, as created by the statute and charged in the information, was in a measure lost sight of in instructing the jury.

For the State the court instructed the jury that all the evidence regarding the character of the girl for virtue and chastity had been admitted and must be considered by the jury, *only for the purpose of ascertaining the truth of the words used by appellant,* if he used the words charged in the information, *and for the further purpose of affecting the girl's credibility as a witness.*

We think the evidence tending to show the prosecuting witness had been guilty of fornication was to be considered by the jury, not only for the purpose of determining her credibility and whether appellant's words that she had used a syringe to get rid of a child were true; but for the purpose of determining whether or not those words falsely imputed that the girl had been

guilty of fornication or sexual intercourse. The language appellant is said to have spoken imputed only by implication, that the girl had been guilty of sexual intercourse. This imputation is involved in the statement that she had been seen trying to get rid of a child wherewith she was pregnant. Now proof that she had committed the sexual act at any time within the natural period from conception to delivery, certainly constituted a defense, as it established the truth of the alleged slander in its criminal phase, and the truth is a defense. [R. S. 1899, sec. 2262.] Much of the testimony went to show the girl had had illicit intercourse within the time during which appellant's alleged words imputed the act to her. This testimony should have been considered by the jury in determining whether or not the imputation of lewdness was true; not whether appellant's words were true in their full meaning.

We do not concede the proposition of appellant's counsel that he was entitled to an acquittal, because when he made the charge to the girl's father, he gave the name of his informant. The rule of law invoked on this proposition has no application to the facts of the case now under consideration. Neither appellant himself or Frost, swore Frost had stated to appellant the charge against the girl which the witness for the State swore appellant made. According to appellant's own testimony, Frost's statement to him totally lacked the imputation essential to a criminal slander. Neither was it a defense that Collins uttered the words charged in the information at the meeting when he was discussing with the father other charges against the girl's character. The court's instruction in this connection was all the appellant had a right to ask. It was, that if the jury believed appellant communicated the false and slanderous words charged in the information to the girl's father, without any intention of slandering the good name of the girl, but in good faith and for the purpose of affording her an opportunity to ascertain

the source of the slander, defendant should be acquitted. On a retrial of the cause the instructions should be so framed so to make the defendant's guilt depend on whether he had falsely and maliciously spoken words, which imputed to the prosecuting witness the act of fornication, when she was in fact innocent of the commission of that act within a period to which the language used must have referred.

The judgment is reversed and the cause remanded. *Bland, P. J.,* and *Nortoni, J.,* concur.